**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                            Case No. 05-80891-DT

MARY ANN COLEMAN,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION OF DETENTION**
**ORDER**

Before the court is Defendant's March 22, 2006, motion to revoke the order of detention and allow her release on conditions. On April 4, 2006, Defendant entered a plea of guilty to the pending charges, Possession of Stolen Mail,18 U.S.C. § 1708, and Bank Fraud, 18 U.S.C. §1344. On January 23, 2006, Defendant was arraigned on these charges and released on an unsecured bond, but soon violated the terms of release. On February 3, 2006, a violation petition was filed, and Defendant's bond was cancelled due to her arrest for Larceny from a Person on January 31, 2006. Defendant consented to detention at that time, as she was then in state custody.

Defendant submits that she is thirty-eight years old and a lifetime resident of Michigan, has custody of her two children and that, If released, would reside with her mother and children at 4115 First Street in the City of Wayne. If ordered by the Court, Defendant says that she would wear an electronic tether.

18 U.S.C. § 3145(b) provides for "prompt" review of a detention order upon motion of the defendant. The District Court conducts a *de novo* review of the bond issue. *United States v. Hazime,* 762 F.2d 34 (6th Cir. 1985). The Bail Reform Act, at 18 U.S.C. §3142(e), provides that detention is appropriate where the court finds that no condition or combination of conditions reasonably ensure the appearance of the person as required and the safety of any other person or the community.

This court is concerned about the lack of stability demonstrated already by the Defendant and the ongoing need to restrain her from destructive behavior. The court's concern is heightened by the very rapid re-entry of the Defendant into criminal behavior upon being released from custody. The Defendant fled from officers upon their approach to arrest her for the instant arrest; she struggled with officers *and* fled upon being approached for arrest for the felony offense she committed on January 31, 2005, while on bond in this case. The court concludes that no condition or combination of conditions reasonably ensure the appearance of the Defendant as required and the safety of other persons or the community.

Defendant's motion for release is **DENIED.**

_____ s/ Robert H. Cleland _____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 6, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
_____

Case Manager and Deputy Clerk
(313) 234-5522